UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

John M. Antonis,
	Plaintiff

	v.	Civil No. 07-cv-163-JL

Electronics for Imaging, Inc.,
	Defendant

**O R D E R**

It is apparent from the pleadings that plaintiff failed to provide timely responses to discovery requests and failed to make timely disclosures required by Fed. R. Civ. P. 26(a), despite repeated requests made by defendant after the deadlines passed and repeated promises to provide the material by plaintiff. Defendant has moved to compel responses and for sanctions, certifying that it has in good faith conferred or attempted to confer with the plaintiff in an effort to secure the required discovery. There does not appear to be any dispute about the scope of discovery sought, or adequacy of the responses; the claim is simply that what was requested and repeatedly promised was not delivered. The major reason for plaintiff's failure to produce seems to have been his own foot-dragging in providing plaintiff's counsel with the requested material. That does not

rise to the level of "substantial justification" for the failure under any standard.

Rule 37(a)(4)(A) provides for the imposition of reasonable expenses incurred, including attorney's fees, if the disclosures or requested discovery is provided after a motion to compel is filed.  That is the case here.  Defendant's motion to compel is moot with regard to the merits, the material having been provided, but it is not moot with regard to sanctions since the material was provided, in substantial part, after the motion was filed.

While, as a general principle, simply reiterating demands for production in a series of emails probably does not meet the requirement that the parties confer in good faith about discovery issues before invoking judicial remedies.  See, e.g., Shuffle Master, Inc. v. Progressive Games, Inc., 170 F.R.D. 166 (D. Nev. 1996), in this case it does not appear that any "dispute" existed regarding the nature of the material requested.  Rather, production was not accomplished because plaintiff did not place that obligation very high on his list of priorities.  Plaintiff's counsel could not produce what he could not get from his client (though he made efforts to deliver what he could get, including unsigned responses).  The repeated emails and phone calls between counsel, under the circumstances, presents a closer call than

defendant thinks, but the effort to confer suffices, given that uncontested production was all that defendant sought.

On the other hand, no real prejudice has been shown; defendant seemed anxious to file a motion to compel rather early on in the "conferral" process (see Exhibit 2 to document no. 10); and, had plaintiff filed a motion to extend the time in which to respond or make the required disclosures and offered some reasonable basis, it likely would have been granted.

Taking all of the circumstances into account, and recognizing that Rule 37 favors imposition of a cost when tardy compliance is attained only after a motion to compel has been filed, the court will impose an appropriate sanction. The reasonable costs, including attorney's fees, associated with filing the motion to compel (the reply was unnecessary) does not exceed $200.00, assuming a reasonable hourly rate customarily charged in this district, and the modest amount of time required to dictate or type the motion and electronically file it.

## Conclusion

The motion to compel (document no. 10) is moot, the discovery material having been produced. But sanctions are imposed under the express provisions of Fed. R. Civ. P. 37(a)(4)(A) in the amount of $200., which plaintiff shall pay to defendant.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

January 16, 2008

cc:  Paul T. Fitzgerald, Esq.
     Linda S. Johnson, Esq.
     Michael T. Pearson, Esq.